■ In the Matter of JAMES MANITTA, Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— Proceeding pursuant to article 78 of the CPLR to review a determination of the State Liquor Authority dated November 28, 1969, which canceled petitioner's Special On-Premises Liquor License, retroactively to February 28, 1969, on the grounds that the licensee had violated (1) subdivision 15 of rule 36 of the Rules of the State Liquor Authority (9A NYCRR 53.1 [o]) in that he had knowingly given false testimony under oath, and (2) subdivision 2 of section 102 of the Alcoholic Beverage Control Law in that he had knowingly employed a convicted felon in connection with his business. Determination modified, on the law, to the extent of annulling and striking out the provision therein canceling petitioner's license and substituting therefor a provision suspending petitioner's license for a period of 60 days with credit to be allowed for 53 days during which petitioner's premises were closed pending a review of a previous cancellation of the license on the first above-mentioned ground (see *Matter of Manitta* v. *State Liq. Auth.*, 31 A D 2d 929). As so modified, determination confirmed, without costs. In our opinion there was insufficient evidence on the record as a whole to sustain the determination that petitioner had knowingly employed the alleged felon in connection with his business. Petitioner's record for law observance since purchasing the licensed premises in 1964 is unblemished but for two letters of warning concerning minor infractions occurring nearly four years apart. Accordingly, under the circumstances appearing in the record before us, we are of the opinion that the penalty assessed against petitioner was an abuse of discretion to the extent indicated herein (CPLR 7803, subd. 3; *Matter of L'Intrigue, Inc.* v. *State Liq. Auth.*, 29 A D 2d 854). Hopkins, Acting P. J., Munder, Martuscello, Brennan and Benjamin, JJ., concur.